# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>the residence and detached garage at 546 Worcester Street in Natick, Massachusetts | )<br>)<br>)   Case No.   21-MJ-4316-XXX-DHH<br>)<br>)<br>) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the _____ District of   Massachusetts  , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. §§ 7201, 7203<br>18 U.S.C. § 1343<br>31 U.S.C. § 5324 | Attempting to evade or defeat the assessment or payment of tax, failure to file tax returns, wire fraud, structuring financial transactions to avoid a reporting requirement. |

The application is based on these facts:

See attached Affidavit of Special Agent William T. Noonan, Jr.

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days *(give exact ending date if more than 30 days:* ____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

William T. Noonan, Jr, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
telephone   *(specify reliable electronic means)*.

Date:  **Aug 30, 2021**

*Judge's signature*

City and state:  Worcester, MA           Hon. David H. Hennessy, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF THE PREMISES TO BE SEARCHED

The premises to be searched include the interior of the residence and a detached garage located on the property at 546 Worcester Street in Natick, New Massachusetts. The residence is a multi-story, single-family residential building with gray siding and yellow trim. The detached garage is a one-car garage located at the end of the driveway on the right side of the residence. The house number ("546") is posted above the front door of the residence. The residence sits atop a stone retaining wall that features stairs leading from the street level to the front entrance of the residence. A blue sign on the right side of the residence reads "Psychic Readings 508-653-7170." The following is a photo of the Subject Premises, as seen from Worcester Street in Natick:



**ATTACHMENT B**

**ITEMS TO BE SEIZED**

I. All records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of violations of 26 U.S.C. §7201, 26 U.S.C. §7203, and 31 U.S.C. §5324, involving Jake Miller or Kostas Roofing from January 1, 2014 to present, including:

    A. Books and Records relating to the payment, receipt, transfer, or storage of money or other things of value by any of the individuals or entities listed above, including, without limitation:

        i. Bank, credit union, investment, money transfer, cryptocurrency, P2P transfers, and other financial accounts;

        ii. Credit and debit card accounts;

        iii. Tax statements and returns;

        iv. Business or personal expenses;

        v. Fuel purchase receipts and fuel use records;

        vi. Payroll, employee records, and timesheets;

        vii. Business or personal income;

        viii. Loans;

        ix. Invoices and accounts receivable records; and

        x. Schedules and appointment records for client work.

    B. Records relating to the creation and/or maintenance of business entities;

    C. Records relating to the concealment of income and/or assets;

    D. For any computer hardware, computer software, mobile phones, or storage media called for by this warrant or that might contain things otherwise called for by this warrant ("the computer equipment"):

        i. Evidence of who used, owned, or controlled the computer equipment;

        ii. Evidence of the presence or absence of malicious software that would allow others to control the items, and evidence of the presence or absence of security software designed to detect malicious software;

        iii. Evidence of the attachment of other computer hardware or storage media;

        iv. Evidence of counter forensic programs and associated data that are designed to eliminate data;

        v. Evidence of when the computer equipment was used;

        vi. Passwords, encryption keys, and other access devices that may be necessary to access the computer equipment;

        vii. Records and tangible objects pertaining to accounts held with companies providing internet access or remote storage; and

    E. Records relating to the ownership, occupancy, or use of the premises to be searched (such as utility bills, phone bills, rent payments, mortgage payments, photographs, insurance documentation, receipts and check registers).

II. All computer hardware, computer software, and storage media reasonably believed to be used by Jake Miller. Off-site searching of these items shall be limited to searching for the items described in paragraph I above.

## DEFINITIONS

For the purpose of this warrant:

    A.    "Computer equipment" means any computer hardware, computer software, mobile phone, storage media, and data.

    B.    "Computer hardware" means any electronic device capable of data processing (such as a computer, smartphone, cell/mobile phone, or wireless communication device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

    C.    "Computer software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately, inadvertently, or automatically.

    D.    "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, or memory card).

    E.    "Data" means all information stored on storage media of any form in any storage format and for any purpose.

    F.    "A record" is any communication, representation, information or data. A "record" may comprise letters, numbers, pictures, sounds, or symbols.

## RETURN OF SEIZED COMPUTER EQUIPMENT

If the owner of the seized computer equipment requests that it be returned, the government will attempt to do so, under the terms set forth below. If, after inspecting the seized computer equipment, the government determines that some or all of this equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to retrieve and preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copy's authenticity (but not necessarily relevancy or admissibility) for evidentiary purposes.

If computer equipment cannot be returned, agents will make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband; passwords, account information, or personally-identifying information of victims; or the fruits or instrumentalities of crime.

For purposes of authentication at trial, the government is authorized to retain a digital copy of all computer equipment seized pursuant to this warrant for as long as is necessary for authentication purposes.